Charles D. and Betty Blair Eggert v. Commissioner.
Eggert v. Commissioner
Docket No. 63984.
United States Tax Court
T.C. Memo 1957-221; 1957 Tax Ct. Memo LEXIS 30; 16 T.C.M. (CCH) 1010; T.C.M. (RIA) 57221; November 29, 1957
*30 Joseph R. Zepf, Esq., 236 Main Street, Poughkeepsie, N. Y., for the petitioners. Jules W. Breslow, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for the calendar years 1952 and 1953 in the amounts of $1,634.84 and $732.20, respectively. Certain adjustments are no longer in issue. The principal remaining issue is whether certain expenses, including depreciation, are deductible as having been incurred in connection with a trade or business allegedly carried on by petitioner Charles D. Eggert as a photographer. The amount of the deduction as to some items is also in controversy. The conclusions set forth herein were announced by the Court at the end of the trial. Findings of Fact A stipulation of facts filed by the parties at the trial as well as a second stipulation filed thereafter in accordance with the request of the Court at the conclusion of the trial are incorporated herein by reference. Petitioners are and were during the tax years husband and wife. They filed joint income tax returns for the calendar years 1952 and 1953 with the Director of Internal Revenue for the Albany *31 District of New York. Charles D. Eggert will be hereinafter referred to as petitioner. Petitioner resides in Barrytown, New York. He has been interested in photography for many years. During World War II he served in the Navy as a photographer. After the war he opened a photographic studio near his home, and did professional work, both portrait and outdoor. At some time prior to the tax years he gave up the studio, but continued to do professional photographic work. He did some portrait work at his home. In 1952 he decided to make a trip or trips to some national parks for the purpose of making a number of still shots as well as moving pictures. He intended to sell the still shots and to use the moving pictures to help build a reputation as a professional motion picture photographer. He received the cooperation of the United States Department of Interior and was treated by it as a professional photographer. He produced a motion picture entitled "This is Dinosaur" for the Department of Interior in 1952. From time to time he sold some footage of films which he had taken on various trips in 1952 and 1953. He also sold a story with photographs to the Denver Post. He has been active *32 in recent years as a lecturer on national parks and like subjects; his lectures are illustrated by pictures or movies taken by him. He receives substantial fees for such lecturgs. Petitioner used an automobile in part in connection with his professional photographic work in 1952 and 1953; and during those years he also used his house in connection with such work. One-third of his total automobile expenses and one-fourth of the expenses relating to the house were incurred in connection with his work as a photographer. Petitioner was engaged in trade or business as a photographer during 1952 and 1953. The following items are deductible expenses incurred by him or represent a reasonable allowance for depreciation in connection with that trade or business in the tax years: 1952
1953
Rent
$ 360.00
$ 350.00
Taxes on Business property
1/4 business
45.66
47.47
Repairs
57.95
Auto Expenses 1/3 business
502.25
280.00
Electric & Telephone 1/2 busi-
ness
125.50
249.81
Auto license 1/3 business
5.93
22.33
Photographic supplies
1,019.60
686.35
Advertising
3.75
Camera Insurance
53.32
53.32
Auto Insurance 1/3 business
36.21
88.54
Interest on loan
84.36
Miscellaneous expenses
141.58
Depreciation
480.41
707.30
$2,832.16
$2,569.48
*33 Opinion RAUM, Judge: The principal issue is whether petitioner was engaged in trade or business as a photographer during the tax years. Although the evidence was not overwhelming, it is our conclusion on the entire record that petitioner has carried his burden of proof. Photography was more than a mere hobby for him. The equipment owned and used by him was of the type employed by professional rather than amateur photographers. Although he operated at a net loss during the tax years, we are satisfied that it was his purpose to derive a profit and that he hoped ultimately to achieve a profitable operation. The evidence as to his income from all other sources - primarily dividends - does not show him to be a rich man who is indulging in a hobby. The amounts claimed as deductions in the returns were excessive as to some items. Our findings have resolved the controversy as to this aspect of the case. Decision will be entered under Rule 50.